## Imperial Bank of Olive Hill, Ky. v. Commonwealth, on Relation.

(Decided October 11, 1910.)

Appeal from Carter Circuit Court.

Banks—Appointment of Receiver—Failure to Obey the Law—Refusal to Pay Depositors—Impairment of Capital.—This bank was organized in this state in January, 1909, with a capital of $15,000, of which $7,900 was paid in. In an action by the Secretary of State for a receiver therefor, Held that the petition was a notice to the bank and its officers, and it appearing that it has re-fused to pay its depositors, and has shown no reason why its overdrafts have not been paid, and has no reserve cash on hand, and no effort made to make good its capital which has been im-paired, the court properly concluded that it had not obeyed the law under which it was organized, and appointed a receiver to take charge of it.

HENRY L. WOOD and W. J. RICE for appellant.

JAMES BREATHITT, Attorney General, CHARLES H. MORRIS, and W. SHERMAN BALL for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

The Imperial Bank of Olive Hill was organized under the laws of the state with a capital of $15,000, of which $7,600 was paid in at the time the bank was organized January 29, 1909. According to the reports to the Secretary of State, $300 more was afterward paid in to the capital stock. The bank quit receiving deposits December 1, 1909, and failed to make a report to the Secretary of State thereafter as required by law. This action was brought February 17, 1910, by the Secretary of State to place the bank in the hands of a receiver under section 616, Kentucky Statutes:

"The Secretary of State, upon becoming satisfied that any bank or corporation has become insolvent, or that its capital has become, and is permitted to remain, impaired, or that it has violated any provisions of the law under which it was organized, may, with the approval of the Attorney General, apply to the circuit court, or judge thereof in vacation, of the county in which the bank or corporation is located, for the appointment of a receiver, who, under the direction of the court or judge, shall take possession of books, papers and assets of every description, and all business of the

bank or corporation, and collect all collectible debts and demands, and sell or compound under the order of the court, all bad debts, and sell all the real and personal property of the bank or corporation, on such terms as the court may direct. The receiver shall be resident of the county in which the action is pending, and give bond, with good surety, to be approved by the court, and settle his accounts under the general laws.''

The defendant demurred to the petition; its demurrer was overruled. The petition was then taken as controverted; and the action being heard on the motion to appoint a receiver, the court sustained the motion, and the defendant appeals from the order appointing the receiver to take charge of the bank.

It is insisted that section 616, Ky. Stat., is to be read in connection with section 586, Ky. Stat., which is as follows:

''Should the capital stock of any bank organized under this article become impaired, the Secretary of State shall give notice to the president to have the impairment made good by assessment of the stockholders, or by a reduction of the capital stock to an amount not less than that required to organize; and if such bank shall fail for thirty days after such notice to make good the impairment, the Secretary of State may, with the advice and consent of the Attorney General, institute such proceedings as may be necessary to wind up the affairs of the bank.''

The Secretary of State did not give thirty days notice before he brought the action, and it is insisted that the action is premature. We think the two sections are to be read together, and that thirty days notice should be given as provided in section 586, before a receiver may be appointed, as provided in section 616, on the ground that the capital of the bank has been impaired. But the petition in this case was based not only on the ground that the capital of the bank had been impaired, but that it had become insolvent, and had violated the provisions of the law under which it was organized, and the order appointing the receiver was not entered until thirty days after the petition was filed. The petition was a notice to the bank and its officers, and as no effort was made to make good the capital of the bank, the court did not err in appointing the receiver. It is urged that the petition does not sufficiently allege that the bank was insolvent or state facts showing that it had

violated any provisions of the law.. The petition might on motion have been made more specific, but taking all its' allegations together, we think it is good after judgment, and that the order appointing the receiver should not now be disturbed on this ground.

The evidence leaves no doubt in our minds, that the capital of the bank was seriously impaired. It had failed and refused to pay its depositors; it had not maintained the reserve required by law; and was evidently in a bad condition. Its cashier states in his affidavit that it has these assets:

| | |
|---|---:|
| Bills receivable notes ..................... | $6,521 40 |
| Due on overdrafts .......................... | 243 99 |
| Invested in furniture and fixtures ......... | 568 75 |
| Total ............................... | $7,334 14 |

It thus appears that the capital of the bank, if all of its assets were good, has been impaired nearly $600. It is not shown on whom these notes are held, or how many of them are good. No reason is shown why the overdrafts have not been made good, so that the money might be on hand to pay the depositors. The bank owes the treasurer of the I. O. O. F. Lodge of Olive Hill between $600 and $1,000. It also owes the First State Bank of Middlesboro $1,597.78, and some smaller depositors about $47.72. It has refused to pay these depositors, and its course in the matter is very unsatisfactory. The court upon the showing made, properly concluded that the bank had not observed the law under which it was organized. It had no reserve, or no cash on hand.

Judgment affirmed.